1  Anthony E. Goldsmith, Esq. (SBN 125621)
   Steven L. Derby, Esq. (SBN 148372)
2  Celia McGuinness, Esq. (SBN 159420)
   **DERBY McGUINNESS & GOLDSMITH LLP**
3  300 Lakeside Drive, Suite 1000
   Oakland, CA  94612
4  Telephone:  (510) 987-8778
   Facsimile:  (510) 359-4419
5  Email: info@dmglawfirm.com
   Attorney for Plaintiff
6  RUTHEE GOLDKORN

7  Wilfred C. Lemann, SBN 08306 (blemann@flsd.com)
   Aric M. Davison, SBN 240309 (adavison@flsd.com)
8  **FULLERTON, LEMANN, SCHAEFER & DOMINICK, LLP**
   215 North D Street, First Floor
9  San Bernardino, California 92401-1712
   Telephone (909) 889-3691
10 Attorneys for Defendant,
   MITLA RESTAURANTS, INC.
11
   Regina A. Petty (SBN 106163)
12 E-Mail: rpetty@fisherphillips.com
   Darcey M. Groden (SBN 296492)
13 E-Mail: dgroden@fisherphillips.com
14 **FISHER & PHILLIPS LLP**
   4747 Executive Drive, Suite 1000
15 San Diego, California 92121
   Telephone: (858)597-9600
16 Facsimile: (858)597-9601
   Attorneys for Defendant,
17 SOUTH COAST AIR QUALITY
   MANAGEMENT DISTRICT

18

19                          UNITED STATES DISTRICT COURT

20                     CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

21  | RUTHEE GOLDKORN, | CASE NO.  5:18-cv-00398-RGK-SP |
22  |                  | Civil Rights |
    | Plaintiff, |  |
23  | v. | **JOINT STATUS CONFERENCE REPORT** |
24  | SOUTH COAST AIR QUALITY MANGEMENT DISTRICT; MITLA CAFÉ, a business entity of unknown form; MITLA RESTAURANTS, INC., a California corporation and DOES 1-20, Inclusive, | Assigned to Judge R. Gary Klausner |
25  |  |  |
26  |  |  |
27  | Defendants. |  |
28

1

Anthony E. Goldsmith and Steven L. Derby, of Derby, McGuinness & Goldsmith, Wilfred C. Lemann and Aric M. Davison, of Fullerton, Lemann, Schaefer & Dominick, LLP and Regina A. Petty and Darcey M. Groden of Fisher & Phillips LLP having met and conferred pursuant to F.R.C.P. Rule 26(f), and this Honorable Court's order, submit the following Joint Report of the parties' views and proposals:

**A.  Statement of the Case**

    **1.  Plaintiff**

Plaintiff contends she is a person with a disability as defined under both California and Federal law and has a physical condition that causes her to rely upon a wheelchair for mobility. She is also an active member of the community who has an interest in air quality and the general condition of the Southern California environment. Plaintiff has been invited to and has attended four separate events organized by Defendant SCAQMD for the public and each time has RSVP'd for the event. Each time, as more fully described in her complaint, Plaintiff has encountered multiple access barriers, and one time, at Defendant MITLA CAFÉ and MITLA RESTAURANTS, INC., (hereinafter the MITLA CAFÉ) could not get into the restroom and suffered a bodily functions accident.

- Plaintiff's First Claim Against Defendant SCAQMD is for Discrimination In Violation of Title II of the Americans With Disabilities Act of 1990
- Plaintiff's Second Claim Against Defendant SCAQMD
  Violations of § 504 Of The Rehabilitation Act of 1973 (29 U.S.C. § 794
- Plaintiff's Third Claim Against Defendant SCAQMD
  Violations of Mandatory Duty of Public Entities to Protect Against Particular Kinds of Injuries Under California Government Code § 815.6
- Plaintiff's Fourth Claim Against Defendant SCAQMD
  Violation of Sections California Civil Code §§ 51, 54 and 54.1
- Plaintiff's Fifth Claim Against Defendant Mitla Café, the Mitla Restaurants, Inc.
  Violation of Title III of the Americans With Disabilities Act of 1990
- Plaintiff's Sixth Claim Against Mitla Café, the Mitla Restaurants, Inc.
  Violation of California Civil Code §§ 51, 54, 54.1 and California Health & Safety Code §§ 19553 et seq.

**2.     Defendant SCAQMD**

SCAQMD denies Plaintiff's allegations, denies any liability, and denies that Plaintiff has suffered any damages. SCAQMD further denies that there were any violations of the ADA at the Mitla Facility, San Manuel Gateway College at Loma Linda University Health, Center at Cathedral Plaza at Cathedral of Our Lady of the Angels, or Christ the Redeemer Church.

If any ADA violations did exist, SCAQMD denies that it can be held liable for such violations on property owned and controlled by third-parties, and further denies that it can be held liable for violations at locations which are exempt from compliance with the ADA. SCAQMD further denies that it knowingly or purposefully selected venues that were non-compliant with the ADA or was deliberately selecting buildings that were exempt from compliance with the ADA. SCAQMD also alleges that it is immune from liability.

**3.     MITLA CAFÉ and MITLA RESTAURANTS, INC. (the "Mitla Defendants")**

The Mitla Defendants and Plaintiff have reached settlement and are now circulating documents to effectuate that settlement. However, the Mitla Defendants deny Plaintiff's allegations, deny any liability, and deny that Plaintiff has suffered any damages. They further deny that there were any violations of the ADA at the Mitla Facility and to the extent that non complaint conditions exist or existed they are not required to make any further alterations or effect remediation since any such work would not be required by State of federal laws.

**B.     Status of Service**

The Complaint has been served on all known Defendants.

**C.     Possible Joinder**

No joinder of additional parties is anticipated.

**D.     Amendments to the Pleadings**

Based on information obtained thus far, no further amendment of pleadings is contemplated however, discovery and/or Defendants' position on liability may require further amendment.

**E.     Statutory Basis for Jurisdiction and Venue**

The parties concur the Court has subject matter jurisdiction in this action, because the Complaint alleges violations of: a) 28 USC §1331, for violations of the Americans with Disabilities

3

Act of 1990 (hereinafter "ADA"), 42 U.S.C. §12101 et seq.; and (b) 28 USC §1343(3), for claims arising under §504 of the Rehabilitation Act of 1973.  The parties concur the Court, pursuant to 28 U.S.C. §1367, has supplemental jurisdiction over attendant and related causes of action arising from the same facts and brought under California law, including but not limited to violations of California Civil Code §§ 51, 54, 54.1 and violations of California Government Code §§ 815.6. This court also has jurisdiction over Plaintiff's claims for declaratory or injunctive relief pursuant to the ADA, the Rehabilitation Act of 1973, 28 U.S.C. § 2202 and Rule 65 of the Federal Rules of Civil Procedure and State law authorizing injunctive relief.

Venue is proper in this court pursuant to 28 USC § 1391(b) because Plaintiff's claims arose within the Judicial District of the United States District Court of the Central District of California. The selection of the Eastern Division Intra District Court is appropriate because two (2) of the four (4) incidents complained of herein occurred in the County of Riverside and  Plaintiff resides in Riverside County and is likely to attend future SOUTH COAST AIR QUALITY MANGEMENT DISTRICT events in the immediate area. In addition, two of the named Defendants operate their business in the City of San Bernardino, California.

**F.     Legal Issues**

    **1.     Defendant SCAQMD**

The principal factual and legal issues in this case are as follows:

- Whether Plaintiff is disabled and, if so, the nature and extent of her disabilities.

- Whether there were any violations of the ADA at the events held at the Mitla Facility, San Manuel Gateway College at Loma Linda University Health, Center at Cathedral Plaza at Cathedral of Our Lady of the Angels, and Christ the Redeemer Church.

- Whether SCAQMD can be held liable for holding events at locations which are non-compliant with the ADA and which are owned and controlled by third-parties.

- Whether SCAQMD can be held liable for holding events at locations which are exempt from compliance with the ADA.

- Whether Plaintiff's disabilities were reasonably accommodated by SCAQMD.

- Whether the ADA, Section 504 of the Rehabilitation Act, and/or California Civil Code sections 51, 54, 54.1 impose a mandatory duty meant to protect against the type of injury alleged by Plaintiff in this action within the meaning of California Government Code section 815.6.

4

- Whether SCAQMD violated the ADA, Section 504 of the Rehabilitation Act, California Government Code section 815.6, and/or California Civil Code sections 51, 54, 54.1.

- Whether Plaintiff may obtain a preliminary and permanent injunction against SCAQMD.

- Whether Plaintiff may recover any damages from SCAQMD for the alleged violations and, if so, the extent of those damages.

**2.      Plaintiff Ruthee Goldkorn**

The principal factual and legal issues in this case are as follows:

• Whether there were any violations of the ADA and corresponding State law at the events held at the Mitla Facility, San Manuel Gateway College at Loma Linda University Health, Center at Cathedral Plaza at Cathedral of Our Lady of the Angeles, and Christ the Redeemer Church.

• Whether SCAQMD and the Mitla Defendants violated their duties under federal and State law.

• Whether SCAQMD violated its duties under the program access requirements of the ADA and Section 504.

• Whether the ADA, Section 504 of the Rehabilitation Act, and/or California Civil Code sections 51, 54, 54.1 impose a mandatory duty meant to protect against the type of injury alleged by Plaintiff in this action within the meaning of California Government Code section 815.6.

• Whether SCAQMD violated the ADA, Section 504 of the Rehabilitation Act, California Government Code section 815.6, and/or California Civil Code sections 51, 54, 54.1.

• Whether Plaintiff may obtain a preliminary and permanent injunction against SCAQMD.

• Whether Plaintiff may recover any damages from SCAQMD for the alleged violations and, if so, the extent of those damages.

**3.      Mitla Defendants**

The principal factual and legal issues in this case are as follows:

• Whether there were any violations of the ADA and corresponding State law at the events held at the Mitla Facility,

• Whether the Mitla Defendants violated their duties under federal and State law.

5

- Whether the Plaintiff is a person with a disability and whether she encountered or was deterred by any barriers.

- Whether any barriers exist at the Mila Café and if so whether they must be remedied under State and federal law; including the issue of whether the removal or remediation of any such barriers is readily achievable.

- Whether Plaintiff may obtain a preliminary and permanent injunction against the Mitla Defendants.

- Whether Plaintiff may recover any damages from the Mitla Defendants for the alleged violations and, if so, the extent of those damages.

## G. Parties and Non-Party Witnesses

### 1. SCAQMD

**Witnesses:** agents of SCAQMD (some of whom remain unknown at this time); agents of Mitla Restaurants, Inc. (some of whom remain unknown at this time); agents of San Manuel Gateway College at Loma Linda University Health (some of whom remain unknown at this time); agents of Center at Cathedral Plaza at Cathedral of Our Lady of the Angels (some of whom remain unknown at this time); agents of Christ the Redeemer Church (some of whom remain unknown at this time); Plaintiff; Plaintiff's medical providers (for purposes of establishing Plaintiff's disabilities and her emotional distress damages); various individuals described in paragraphs 12 –15 of Plaintiff's Complaint, whose identities have yet to be ascertained; expert regarding the various facilities' architectural compliance with the ADA; medical expert regarding Plaintiff's emotional distress; expert regarding Plaintiff's alleged disabilities. SCAQMD reserves the right to supplement this information.

**Documents:** All communications between SCAQMD and Plaintiff regarding her disability and requests for accommodation; Plaintiff's medical and/or psychiatric records regarding emotional distress (if any); documents demonstrating Plaintiff's alleged damages (if any). SCAQMD reserves the right to supplement this information.

### 2. Plaintiff Ruthee Goldkorn

**Witnesses:** agents of SCAQMD (some of whom remain unknown at this time); agents of Mitla Restaurants, Inc. (some of whom remain unknown at this time); agents of San Manuel

1  Gateway College at Loma Linda University Health (some of whom remain unknown at this time);
2  agents of Center at Cathedral Plaza at Cathedral of Our Lady of the Angeles (some of whom
3  remain unknown at this time); agents of Christ the Redeemer Church (some of whom remain
4  unknown at this time); Plaintiff; various individuals described in paragraphs 12 –15 of Plaintiff's
5  Complaint, whose identities have yet to be ascertained; expert regarding the various facilities'
6  architectural compliance with the ADA. Persons most knowledgeable with respect to ADA and
7  Section 504 Compliance at SCAQMD and the facilities enumerated in the complaint. Plaintiff
8  reserves the right to supplement this information.

9  **Documents:** All communications between SCAQMD and Plaintiff regarding her
10 disability and requests for accommodation; All documents regarding SCAQMD's compliance
11 with the ADA and Section 504, including its policies and procedures for assuring that meetings
12 are held at accessible locations. Plaintiff reserves the right to supplement this information.

13 **3.      Mitla Defendants**

14 Plaintiff and the Mitla Defendants have settled this matter, in the unlikely event that the
15 settlement is not completed. The Mitla Defendants would be inclined to seek testimony from the
16 following witnesses and seek the following documents.

17 Witnesses: agents of SCAQMD (some of whom remain unknown at this time); Plaintiff;
18 Plaintiff's medical providers (for purposes of establishing Plaintiff's disabilities and her
19 emotional distress damages); expert regarding the various facilities' architectural compliance with
20 the ADA; medical expert regarding Plaintiff's emotional distress; expert regarding Plaintiff's
21 alleged disabilities. The Mitla Defendants reserve the right to supplement this information.

22 Documents: All communications between SCAQMD and Plaintiff regarding her disability
23 and requests for accommodation; Plaintiff's medical and/or psychiatric records regarding
24 emotional distress (if any); documents demonstrating Plaintiff's alleged damages (if any). The
25 Mitla Defendants reserve the right to supplement this information.

26 **H.     Damages**
27      **1.     SCAQMD**
28 SCAQMD denies entirely that it is liable for any and all claims alleged and damages

7

sought.

### 2. Plaintiff

Plaintiff has settled her claims against the Mitla Defendants and assuming the settlement is effectuated she has no claims for actual damages against SCAQMD and would seek only statutory damages if the matter is not settled.

### 3. Mitla Defendants

The Mitla Defendants have settled with Plaintiff and are currently circulating documents to effect that settlement. The Mitla Defendants deny that entirely that they are liable for any and all claims alleged and damages sought.

**I.  Insurance**

At this time, the parties are unaware of any insurance policy which may provide coverage for their defenses.  All the parties reserve the right to supplement this information.

**J.  Discovery and Scheduling of Discovery**

(1) The parties have agreed to make their initial disclosures under Rule 26(a)(1), on or before September 14, 2018

(2) The parties anticipate written discovery, depositions, and inspection of premises, will be required and the parties have reached the following agreement on discovery deadlines and cut-offs:

Non-Expert discovery cut-off:	April 1, 2019 (with the proviso that inspections of facilities may be conducted up to the date of the expert discovery cut-off.)

(3) The parties do not believe any changes or limitations to discovery rules are required.

(4) The parties have agreed to the following dates and deadlines for expert discovery under Rule 26(a)(2):

Initial disclosure of experts:	May 1, 2019

Disclosure of rebuttal experts:	May 31, 2019

Expert discovery cut-off:	July 15, 2019

**K.  Motions / Dispositive Motions**

The parties each   reserve the right to file a motion for summary judgment and/or summary

8

adjudication of issues. All parties also reserve the right to file pre-trial motions.

**L.     Proposed Cutoff Date for Filing of Non-Discovery Motions**

The parties request that April 19, 2019 be set as the deadline for the filing of dispositive and all other non-discovery pretrial motions, other than motions *in limine* and other pretrial motions.

**M.     Proposed Dates for Final Pretrial Conference and Trial**

The parties request a date in July 2019 for the pretrial conference and a date in August 2019 for trial.

**M.     Estimated Number of Trial Days for Jury Trial**

Plaintiff demands a jury trial. At this time, it is estimated trial for this matter will take five days.

**N.     Trial Counsel**

Trial counsel for SCAQMD will be Regina A. Petty and Darcey M. Groden. Plaintiff will be represented by Anthony Goldsmith and Steven L. Derby at trial. The Mitla Defendants would be represented by Aric Davison at trial in the unlikely event that the settlement with Plaintiff is not finalized.

**O.     Appropriateness of Special Procedures**

The parties do not believe any special procedures will be required.

**P.     Proposed Modification of Pretrial Procedures**

No modifications of pretrial procedures are currently proposed.

**Q.     Related Matters**

There are currently no related matters.

**R.     Settlement**

Plaintiff has a pending settlement with MITLA CAFÉ and is in active discussions with Defendant SQAQMD. Should the parties not be able to fully resolve this matter before the conference, Plaintiff would be amenable to a settlement conference before a Magistrate Judge.

**S.     Additional Matters**

No additional matters have arisen at this time.

| | | |
|---|---|---|
| DATED: | August 20, 2018 | DERBY McGUINNESS & GOLDSMITH LLP |
| | | By  */s/ Anthony Goldsmith*<br>Anthony Goldsmith , Esq.<br>Attorney for Plaintiff RUTHEE GOLDKORN |
| DATED: | August 20, 2018 | FULLERTON, LEMANN, SCHAEFER & DOMINICK, LLP |
| | | By  */s/ Aric M. Davison*<br>Aric M. Davison , Esq.<br>Attorney for Defendant, MITLA RESTAURANTS, INC. |
| DATED: | August 20, 2018 | FISHER & PHILLIPS LLP |
| | | By  */s/ Darcey M. Groden*<br>Darcey M. Groden , Esq.<br>Attorney for Defendant, SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT |